JAMES HARGUS et al. *v.* R. T. BOWEN, Admr.

1. ADMINISTRATOR'S SALE OF LAND — REPORT OF SALE NEED NOT BE SWORN TO. — A report of the sale of real estate, by an administrator, is not required by the Rev. Code of 1857, to be accompanied by an affidavit of its truth.

2. PROCESS — SERVICE AND RETURN. — A return of service of process which does not show *how* it was executed, but merely shows that it was " executed," or " executed by summoning " the parties, or " by serving notice " on them, is invalid.

APPEAL from the probate court of Marshall county. FAL-CONER, J.

The opinion of the court shows the state of the case, which gave rise to the questions decided.

*Walter & Scruggs*, for appellants.

Process from the probate court must be executed in the same manner as those issuing from the circuit court. Monday v. Calvert, 40 Miss. 181 ; Martin v. Wilburn, 42 ib. 210. That the returns of the sheriffs of Marshall and De Soto counties are clearly defective and insufficient there can be no doubt. Wooley v. Bowie, 41 Miss. 553 ; Sawyers v. Smith, ib. 555.

This court has invariably held that, if an administrator sell the lands of his intestate under any order of the probate court, when the record does not show that legal action had been given to the heirs at law, both the order and sale are void. Gwin v. McCarroll, 1 Smedes & Marsh. 351 ; Laughman et al. v. Thompson et al., 6 ib. 259 ; Steer v. Steene et al., 25 Miss. 515. The same ruling has been invariably held in other states. 15 Johns. 141 ; 11 Wend. 652 ; 4 Pet. 474 ; 2 Yerg. 414.

The administrator himself became the purchaser of the land, claiming authority so to do from the act of the legislature giving him the authority ; even if this be true, greater strictness should be required than in ordinary cases.

No counsel for appellee.

TARBELL, J.:

At a term of the probate court of Marshall county, held in 1866, a petition was presented thereto by R. T. Bowen, administrator of H. J. Bowen, deceased, suggesting the insolvency of the estate, and praying for a sale of real estate.  Citation was issued to the sheriff of Marshall county to summon R. P. Bowen, W. P. Bowen, Mrs. S. V. Perry, Mrs. T. V. Perry, M. C. Wright and Joel E. Wright, her husband.  This writ was returned by the sheriff, "executed the 13th day of October, 1866, on R. P. Bowen and the Mrs. Perrys."  Subsequently, an alias, to be served on James L. Wright and wife, and M. C. Wright, was returned, "executed by summoning the within-named parties, Dec. 12, 1866."  An alias to the sheriff of De Soto county, commanding him to cite W. P. Bowen, was returned, "executed, by serving notice on the party, January 16, 1867."  The sheriff of Hinds county was commanded to cite Mrs. T. V. Perry, *non compos mentis*, in the lunatic asylum, Jackson, Mississippi, and he made the following return, "executed upon Mrs. T. V. Perry, personally, and delivered to her a copy of this writ, January 9, 1867."  March 20, 1867, B. W. Walthall, clerk of the said court, was appointed guardian *ad litem* of Mrs. T. V. Perry.  The answer of the guardian was in the usual form, denying knowledge of the facts, demanding strict proof of the allegations in the petition, confiding her interests to the court, and praying leave to be dismissed.  Thereupon the estate was declared insolvent, and the realty was decreed to be sold.

A report of sale was filed February 17, 1868, and was, on that day, confirmed.  The report shows that R. T. Bowen, the administrator conducting the proceedings, became the purchaser of the real estate sold, and the deed was made to him by the clerk of the probate court, by order thereof. On the 2d day of January, 1871, James Hargus, a creditor of the estate of deceased, prayed out a writ of error to have the decrees above cited reviewed and reversed.  It is assigned for error that none of the parties in interest were

properly summoned, or were ever properly before the court; that the answer of the guardian *ad litem* of T. V. Perry is not sworn to; that the report of the sale is not sworn to; that the sale and purchase of the land show fraud. By a law, approved October 30, 1866, R. T. Bowen, administrator of H. J. Bowen, deceased, was authorized, on administrator's sale of the real or personal property of deceased, to become the purchaser, the same as other persons. The sale was conducted, and the purchase made, by R. T. Bowen.

The petition for sale describes the lands as one-half interest in the west ½ of sec. 1, and the east ½ of sec. 2, all in township 6, range 5, west, and represents it as upland, out of repairs, and that it will hardly sell for $4 per acre. The application to sell was made in September, 1866.

The notice of sale, after a technical description of the land, states that about one hundred acres are cleared, in good state of cultivation, with a comfortable dwelling and outhouses, and an excellent gin-house upon the premises. Terms of sale, a credit of six months on approved security. The report of sale represents that several of the next of kin and divers other persons were present thereat, and that, after sundry bids, the administrator became the purchaser at $2 65 per acre, amounting in the aggregate to $848. The sale took place January 1, 1868, at the residence of the administrator on the premises. We are not prepared to say that there was fraud, or any thing wrong in the sale, though it would seem that the price for which the property sold was not one-fourth its value. The Code does not require the report of sale of real estate by an administrator to be accompanied by an affidavit of its truth, but it has been held by this court that the answer of a guardian *ad litem* should be sworn to. We know of no statute subsequent to the Code on the subject. Except as to Mrs. T. V. Perry the several returns of service of process are clearly insufficient, and cannot be sustained by any rule or presumption known to us.

The decrees appealed from are reversed, and the cause remanded to the chancery court of Marshall county.